IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| US-PACIFIC RIM INVESTMENT GROUP, LLC, a Hawaiʻi limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>CERAGREEN CO., LTD., a Korean limited liability corporation,<br><br>          Defendant. | CIVIL NO. 12-00155 LEK-BMK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF US-PACIFIC RIM INVESTMENT GROUP, LLC'S MOTION FOR DEFAULT JUDGMENT |

## FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF US-PACIFIC RIM INVESTMENT GROUP, LLC'S MOTION FOR DEFAULT JUDGMENT

BARRY M. KURREN, United States Magistrate Judge.

Before the Court is Plaintiff US-Pacific Rim Investment Group, LLC's ("*USPRIG*"), Motion for Default Judgment ("*Motion*"), filed August 26, 2013 pursuant to Fed. R. Civ. P. 55(b)(2). Defendant Ceragreen Co., Ltd. ("*Ceragreen*") did not respond to the Complaint or Motion or otherwise appear in this case. After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED for the reasons set forth below.

## I.   <u>BACKGROUND</u>

USPRIG is a Hawaiʻi limited liability company that is wholly owned by the Evergreen 2007 Legacy Trust (the "***Trust***"), of which Young Ho Park and Bank of Hawaii Corporation ("***BOH***") serve as co-trustees.  Ceragreen is a limited liability corporation formed under the laws of the Republic of Korea, and has its principal offices in Korea.  *See* Compl. (ECF #1) ¶ 2.  Mr. Park was at all relevant times the CEO of Ceragreen.

On or about July 5, 2007, the Parties executed a "Convertible Loan Agreement" (the "***Loan Agreement***") in Honolulu, Hawaiʻi.  *See* Ex. "C" to Motion.  The Loan Agreement states that Ceragreen may borrow between $500,000.00 and $1,500,000.00 from USPRIG.  *Id.* ¶ 1.  Paragraph 2.1 of the Loan Agreement further provided that USPRIG will provide for an initial transfer to the bank account designated by Ceragreen in the amount of $500,000.00.  *Id.* ¶ 2.1.  In accordance with Paragraph 2.1 of the Loan Agreement, Ceragreen borrowed from USPRIG the principal sum of $500,000.00 (the "***Loan***").  *See* Ex. "D" to Motion.

The Loan Agreement provides that interest on the principal amount of the Loan shall accrue at the rate of 12.6% per annum and shall be payable monthly. *See* Ex. "A" to Motion, ¶ 5.  On or about August 2007, the Parties mutually agreed to reduce the monthly interest payments due under the Loan Agreement to $4,539.00 per month going forward.  *See* Ex. "E" to Motion.  Ceragreen failed to

pay the monthly interest payment that came due on May 5, 2009, and has made no interest payments in any subsequent month thereafter.  *See* Ex. "F" to Motion; Declaration of Kim Sung attached to Motion ("***Sung Decl.***") at ¶ 7.  From May 5, 2009 through August 5, 2013, the amount of monthly interest that has accrued under the Loan totals $236,028.00.  *See* Ex. "F" to Motion.  Monthly interest on the Loan continues to accrue at the rate of $4,539.00 per month.

Since April 2009, BOH, as co-trustee of the Trust, repeatedly and continuously made demands on behalf of USPRIG to Ceragreen that Ceragreen keep current on the monthly interest payments it owes under the Loan Agreement. *See* Exs. "G" – "L" to Motion.  Despite such demands, Ceragreen has not made monthly interest payments on the Loan.  *See* Sung Decl. at ¶ 15.

USPRIG filed the Complaint in this action for breach of contract on March 19, 2012.  (ECF #1).  Service of process was effected on March 22, 2013.  On July 25, 2013, default was entered against Ceragreen.  (ECF #15).  The Motion was filed on August 26, 2013.

## II.   <u>DISCUSSION</u>

### A.    **USPRIG Is Entitled to Default Judgment on Count I.**

Count I of the Complaint asserts a claim for breach of contract.  The Loan Agreement requires Ceragreen to make monthly interest payments on the Loan. As of April 2009, Ceragreen ceased making any monthly interest payments despite

USPRIG's repeated demands for payment.   Therefore, the Court finds that Ceragreen is in material breach of its obligation to make monthly interest payments under the Loan.

As a result of Ceragreen's breach of the Loan Agreement, USPRIG has sustained damages of $293,745.66, which consist of the monthly interest payments of $4,539.00 that have come due between April 1, 2009 and August 5, 2013, which totals $236,028.00, and interest thereon at the statutory rate of 10% per annum, which totals $57,717.66.   Accordingly, USPRIG is entitled to default judgment awarding it $293,745.66 in damages as against Ceragreen.

**B.     USPRIG Is Entitled to an Award of Attorney's Fees and Costs**

USPRIG requests $7,198.95 in fees and tax for work performed by its lead counsel, Cades Schutte LLP, $11,909.00 in fees for work performed by USPRIG's Korean counsel, and $366.49 for additional work that USPRIG's lead counsel anticipates performing to bring this case to final judgment.   After reviewing USPRIG's submissions, the Court finds that an award of $19,474.44 in fees and $635.92 in costs is reasonable for the reasons explained below.

1.     Entitlement to fees

Preliminarily, the Court finds that USPRIG is entitled to recover its reasonable attorneys' fees as the prevailing party pursuant to Hawai'i Revised Statutes ("***HRS***") § 607-14, which provides:

In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

. . .

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

HRS § 607-14. The instant breach of contract action is an "action[] in the nature of assumpsit" for which the prevailing party may recover attorneys' fees from the losing party. *See Schulz v. Honsador, Inc.*, 67 Haw. 433, 435, 690 P.2d 279, 281 (1984) ("Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."), *overruled on other grounds by Blair v. Ing*, 96 Hawai'i 327, 31 P.3d 184 (2001). Therefore, HRS § 607-14 is an appropriate basis upon which USPRIG may seek recovery of attorneys' fees. Moreover, given that USPRIG claimed damages in the amount of $293,745.66, the requested fees of $19,474.44 is well within the 25% limitation set

forth in HRS § 607-14.

 2. Counsel's hourly rates

USPRIG's lead counsel, Elijah Yip, requests an hourly rate of $260/hour (2012) and $280/hour (2013). In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. *See Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. *See id.*; *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g* (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation. Based on this Court's knowledge of the community's prevailing rates and the hourly rates generally granted by the Court, the Court finds that the requested hourly rates are reasonable.

3.      Reasonable hours expended

USPRIG's lead counsel submits that he expended 25.25 hours in this action. After reviewing counsel's timesheets, the Court finds that the number of hours expended was reasonable.  USPRIG further requests that it be awarded fees for an additional 1.25 hours that lead counsel is anticipated to expend to bring this case to final judgment.  The Court finds that 1.25 hours is a reasonable amount of time to bring this case to final disposition.

4.      Lee & Ko's fees

USPRIG retained the services of Lee & Ko, a Korean law firm, to assist with effecting service of process on Ceragreen in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. USPRIG submits it incurred $11,909.00 for the services of Lee & Ko.  After reviewing the invoices of Lee & Ko submitted by USPRIG, and given the complexity of effecting service pursuant to the Hague Convention, the Court is satisfied that the fees incurred to retain the services of Lee & Ko were reasonable.

5.      Costs

As the prevailing party, USPRIG is entitled to an award of its costs pursuant to FRCP Rule 54(d).  USPRIG claims costs of $635.92 for filing fees, courier fees, document reproduction, and general excise tax.  The Court finds that the requested costs are reasonable.  As such, USPRIG is entitled to recover $635.92 in costs.

## III.   <u>CONCLUSION</u>

Based on the foregoing, this Court HEREBY FINDS AND RECOMMENDS that USPRIG's Motion For Default Judgment be granted.  The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation.  *See* Fed. R. Civ. P. 5(b)(2) & 6(d); L.R. 74.2.  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, October 16, 2013



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

**US-Pacific Rim Investment Group LLC v. Ceragreen Co., Ltd., Civil No. 12-00155 LEK-BMK; FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF US-PACIFIC RIM INVESTMENT GROUP, LLC'S MOTION FOR DEFAULT JUDGMENT**